IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:05CV214-03-V
(5:98CR66-5-V)

| | |
|---|---|
| EDWARD GRANT BUNKER, ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondents. ) ) | **O R D E R** |

**THIS MATTER** comes before the Court upon Petitioner's Motion to Vacate, Set Aside Or Correct Sentence under 28 U.S.C. § 2255, (Document No. 1), filed June 20, 2005; on the Government's Answer to Petitioner's Motion and Motion to Dismiss, (Document No. 3), and on Petitioner's Response to the Government's Motion (Document No. 5.)

### I. FACTUAL AND PROCEDURAL BACKGROUND

A review of the record reveals that on March 2, 1998 Petitioner and twelve others were indicted for conspiracy to possess with intent to distribute marijuana from January 1979 to March 1998, in violation of 21 U.S.C. §§ 846 and 841(a)(1). On March 17, 1998, Petitioner made his initial appearance before Magistrate Judge McKnight and was released on a $50,000 unsecured bond. Thereafter, Petitioner violated the conditions of release, absconded from supervision and failed to appear for a scheduled hearing on July 7, 1998. A bench warrant was issued for Petitioner's arrest. Petitioner remained a fugitive until his arrest on April 22, 2003, in Portland Oregon, on an

1

outstanding felony warrant issued by the State of South Carolina. On April 23, 2003 Petitioner was placed in federal custody and taken before a magistrate judge in the District of Oregon.

Subsequently, in this district, Petitioner was charged in a superseding indictment with conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841, and failure to appear and committing an offense while on release in violation of 18 U.S.C. §§ 3146(a)(1) and 3147. On May 22, 2003, Magistrate Judge Horn issued a Writ of Habeas Corpus Ad Prosequendum directing the United States Marshall to bring Petitioner from the Charleston County Detention Center, in Charleston, South Carolina to this Court for initial appearance, arraignment, trial and sentencing on charges pending in this district. On June 10, 2003 Petitioner made his initial appearance before Magistrate Judge McKnight. The Court appointed James Gronquist to represent Petitioner. Petitioner was arraigned on June 17, 2003, entered a plea of not guilty and was ordered detained. On or about September 26, 2003, a Writ of Habeas Corpus Ad Prosequendum was issued by the Court of General Sessions, Ninth Judicial Circuit, Charleston County, South Carolina, for Petitioner's appearance on or about October 2, 2003, through November 24, 2003, relative to charges against Petitioner in the State of South Carolina v. Edward Bunker. Petitioner was sentenced to ten years in prison for conspiracy to traffic in marijuana in the South Carolina case.

On December 18, 2003, after Petitioner's return to this district, the parties filed a written plea agreement, wherein Petitioner agreed to plead guilty to Counts One and Two of the Superseding Indictment. The parties also agreed to recommend to the Court that the amount of the marijuana that was known to or reasonably foreseeable by the Petitioner was at least 100 kilograms but less than 400 kilograms; that the base offense level should be 26; and the Government agreed to recommend the appropriate level of reduction for acceptance of responsibility.

On January 4, 2004 Petitioner entered a plea of guilty to Counts One and Two of the Superseding Indictment. The Court accepted the plea, finding it to be knowingly and voluntarily made, with an understanding of the charges and the potential penalties and consequences of the plea.

Prior to sentencing, Petitioner filed objections to the Presentence Report ("PSR"). Petitioner specifically objected to the Probation Officer's recommendation that he receive an enhancement for obstruction of justice and not receive a three level reduction for acceptance of responsibility. On May 3, 2004, Petitioner appeared for sentencing. Petitioner withdrew his objections to the PSR and the Court sentenced him to 62 months on count 1 and a consecutive sentence of 5 months on count 2 and then another consecutive sentence of 4 months by way of enhancement under 18 U.S.C. § 3147 and guidelines 2J1.7. The Court ordered that the federal sentence be served concurrently with his ongoing sentence in South Carolina and also agreed to recommend that Petitioner serve his sentence in a federal facility in Sheraton, Oregon.

Petitioner did not appeal his sentence or conviction. On June 20, 2005, Petitioner filed the instant Motion to Vacate alleging that his trial counsel was ineffective for incorrectly advising him that he would receive credit for the time he served in custody prior to his federal sentencing.

Upon careful consideration of the foregoing documents and the controlling legal precedent, the Court concludes that the government's motion for summary judgment should be granted and Petitioner's Motion to Vacate should be <u>dismissed</u>. That is, the Court finds that the instant record makes it clear that counsel was not deficient.

## II. ANALYSIS

### 1. Ineffective Assistance of Counsel

With respect to claims of ineffective assistance of counsel, a petitioner must show that

3

counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011 (1978).

Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing, Strickland, 466 U.S. at 697.

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

More critically here, a petitioner who alleges ineffective assistance of counsel following entry of a guilty plea has an ever higher burden to meet. See Hill v. Lockhart, 474 U.S. at 53-57; Fields, 956 F.2d at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988). The Fourth Circuit described the petitioner's additional burden in a post-guilty plea of ineffective assistance of counsel as follows:

4

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [Strickland] test is slightly modified. Such a defendant must show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Hooper, 845 F.2d at 475; accord Hill, 474 U.S. at 59; and Fields, 956 F.2d at 1297.

In evaluating post-guilty plea claims of ineffective assistance, statements previously made under oath affirming satisfaction with counsel are deemed binding in the absence of "clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299, citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). Moreover, statements made during Rule 11 proceedings constitute strong evidence of the voluntariness of a defendant's plea. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991).

A presumption exists that counsel is competent. A defendant seeking post-conviction relief bears a heavy burden to overcome this presumption. And the presumption is not overcome by conclusory allegations. Carpenter v. United States, 720 F.2d 546 (8th Cir. 1983). Indeed, the defendant bears an even heavier burden where, as here, the claim of ineffective assistance of counsel follows the entry of a guilty plea.

Turning now to Petitioner's specific claim, the Court finds that the Petitioner has failed to demonstrate an entitlement to any relief. Petitioner claims that his counsel was ineffective for incorrectly advising him that the time he served in custody prior to the imposition of his federal sentence would be credited toward his federal sentence.[1] Petitioner argues that had he known that

---

[1] Petitioner was brought to this district from the State of South Carolina on a Writ of Habeas Corpus Ad Prosequendum on April 23, 2003. This writ did not alter Petitioner's status in South Carolina; it temporarily removed him to another jurisdiction for prosecution. Petitioner did, in fact, receive credit toward his South Carolina state sentence for the time spent in custody in North Carolina prior to his federal sentence. Petitioner's federal sentence did not begin until this Court sentenced Petitioner on May 3, 2004.

5

he would not receive credit toward his federal sentence he would have "opted for a lesser sentence." Moreover, Petitioner claims that because he did not receive credit toward his federal sentence for the time he was in custody prior to his federal sentencing, his federal sentence, which was to run concurrent to his state sentence. is in effect partially consecutive.

Petitioner's counsel wrote to the Court on March 4, 2004 informing the Court that Mr. Bunker had been in the custody of either the State of South Carolina or the United States Marshall since his arrest on April 22, 2003 and that pursuant to U.S.S.G. § 5G1.3 and/or 18 U.S.C. § 3585, and that he would be asking at sentencing that the Court give him credit for all of this time on his federal sentence. At sentencing, Petitioner's counsel asked this Court to run the federal sentence concurrent to his State of South Carolina sentence and that Petitioner be placed in a federal facility close to his home. Additionally, he explained that although the government had been willing to make a 5K1.1 downward departure, the parties agreed to a 72 month sentence in federal custody in Oregon so that he could get out of custody as soon as possible to be with his newly born child. At sentencing, Petitioner also withdrew his objections to the PSR due to the agreement he reached with the government regarding a 72 month sentence to run concurrent with his state sentence. Pursuant to those requests this Court sentenced Petitioner to a total of 72 months and did structure Petitioner's sentence to run concurrent to his state sentence and did recommend that Petitioner serve his sentence in a federal facility in Sheraton, Oregon.

Petitioner's counsel did ask this Court to give Petitioner credit for the time he served in custody prior to his federal sentence toward his federal sentence. However, the Court does not have the authority to grant Petitioner credit for time served in custody prior to the imposition of his federal sentence. That authority is vested in the Bureau of Prisons. United States v. Wilson, 503 U.S. 329

(1992).

Petitioner argues that had it not been for his counsel's erroneous advice regarding credit for time spend in custody he would not have withdrawn his objections to the PSR regarding denial of credit for acceptance of responsibility and the two-level enhancement for obstruction provided by U.S.S.G. § 3C1.1 and would have asked for the low end of the guidelines range of 63 months. However, this argument is not persuasive because even if the Petitioner had not withdrawn his objections to the PSR, there is little indication that the Court would have upheld his objections. Petitioner objected to the probation officers position that he was not entitled to a reduction for acceptance of responsibility. The probation officer responded to Petitioner's objection by stating that "[w]hile the defendant has pled guilty to the charges, his failure to appear for the underlying drug charge is inconsistent with the acceptance of responsibility. The Plea Agreement notes that any reduction for acceptance of responsibility is for the Court's determination. Therefore, no changes or corrections are recommended." (Clarifications to PSR.) With respect to Petitioner's objection to receiving a two level enhancement for obstruction of justice, the probation officer stated that "[t]he defendant admits that he failed to appear for a Court hearing on July 7, 1998, and was a fugitive until April 22, 2003. Therefore, no changes or corrections are recommended." (Clarification to PSR.) Based on the probation officers responses to Petitioner's objections to the PSR, it is very unlikely that the Court would have upheld his objections. Furthermore, Petitioner did receive the low end of the guideline range on count 1, which was 63 months. His sentence was increased to 72 months based on the consecutive sentences of 5 months on Count 2 plus 4 months by way of enhancement under 18 U.S.C. § 3147 and guidelines 2J1.7.

Additionally, with respect to the 5K1.1 motion, the decision to file a downward departure

motion under U.S.S.G. § 5K1.1 is within the sole discretion of the Government. Wade v. United States, 504 U.S. 181 (1992); United States v. Daniels, 929 F.2d 128 (4th Cir. 1991). While the sentencing transcript seems to support that the government was prepared to make such a motion, the government did not do so. According to Petitioner's counsel this is due to the fact that the parties agreed to a sentence of 72 months. Petitioner was in fact sentenced to 72 months.

The Plea Agreement which Petitioner signed specifically states that "[t]he defendant is further aware that the Court has not yet determined the sentence, that any estimate from any source, **including defense counsel**, of the likely sentence is a prediction rather than a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum. The defendant further understands that no recommendations or agreements by the United States are binding upon the Court." (Plea Agreement at 1.)

Petitioner cannot establish that he was prejudiced by his attorney's incorrect advice regarding credit for time served in that he agreed to the terms of the plea agreement which specifically state that the Court has the final authority to sentence, he was in fact sentenced in accordance with the agreement reached by his attorney and the government, he has not proven that he would have prevailed on his objection to the PSR had they not been withdrawn, and the record shows that his attorney did in fact try to have his time in custody prior to sentencing credited to his federal sentence by writing to this Court prior to sentencing. However, this Court did not and does not have the authority to grant such a request. While, Petitioner's counsel may have been misguided in his belief that Petitioner's time spend in custody prior to his federal sentence could be credited toward his federal sentence, he was not ineffective for such advice.

Petitioner has not established the two-prong test articulated in Strickland. Specifically

Petitioner has not shown or even alleged that but for his counsel's erroneous advice, he would have not pleaded guilty and insisted on going to trial. Hill v. Lockhart, 474 U.S. at 59. The Court is satisfied that the Petitioner's counsel was not ineffective and that despite Petitioner's current dissatisfaction with his counsel's performance, Petitioner has failed to establish the two prong test, outlined in Strickland, necessary to state a claim for relief in connection with his allegations of ineffective assistance of counsel.[2]

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED** and Petitioner's Motion to Vacate (Document No. 1) is **DISMISSED.**

**SO ORDERED.**

Signed: February 8, 2006

Richard L. Voorhees
Chief United States District Judge

---

[2] The Court notes that while Petitioner's claim is in the form of an ineffective assistance of trial claim which is cognizable under 28 U.S.C. § 2255, it appears to this Court that Petitioner is really challenging the Attorney General's execution of his sentence rather than Petitioner's conviction or the Court's imposition of sentence, which is not cognizable under 28 U.S.C. § 2255. Claims addressing the computation and execution of sentence are governed by 28 U.S.C. § 2241 and must be brought in the district where the Petitioner is incarcerated or where his custodian is located.